Mark D. Brutzkus - Bar No. 128102
Jeffrey A. Kobulnick - Bar No. 228299
Michael A. Bernet - Bar No. 306657
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone:   (818) 827-9000
Facsimile:   (818) 827-9099
Email:       mbrutzkus@bg.law
             jkobulnick@bg.law
             mbernet@bg.law

Attorneys for Defendant, **3072541 CANADA INC.**

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL PEREIRA,<br><br>       Plaintiff,<br><br>    v.<br><br>3072541 CANADA INC.; and DOES 1-10 INCLUSIVE,<br><br>       Defendant. | Case No. 18-CV-02622 RGK (JCx)<br><br>**DEFENDANT 3072541 CANADA INC.'S ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Assigned To:  Hon. R. Gary Klausner |

Defendant, 3072541 CANADA INC. ("Jenner" or "Defendant") hereby answers Plaintiff AL PEREIRA's ("Pereira" or "Plaintiff") Complaint (hereafter referred to as the "COMPLAINT") admitting, denying and alleging as follows:

## NATURE OF THE ACTION

1.      In answer to Paragraph 1 of the Complaint, Defendant admits that this is an action for copyright infringement under Section 501 of the Copyright Act. Defendant lacks sufficient information or belief to admit or deny the allegations in this paragraph related to monetary relief.  Defendant denies each and every remaining allegation set forth therein.

## JURISDICTION AND VENUE

2.      In answer to Paragraph 2 of the Complaint, Defendant admits that this claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.* and further

1  acknowledges that this Court has subject matter jurisdiction over this action pursuant
2  to 28 U.S.C. §§ 1331 and 1338(a).

3      3.    In answer to Paragraph 3 of the Complaint, Defendant acknowledges that
4  it transacts business in California.

5      4.    In answer to Paragraph 4 of the Complaint, Defendant acknowledges that
6  venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

7  **PARTIES**

8      5.    In answer to Paragraph 5 of the Complaint, Defendant lacks sufficient
9  information or belief to admit or deny the allegations in this paragraph and basing its
10 response on such lack of information and belief, Defendant denies, generally and
11 specifically, the allegations contained therein.

12     6.    In answer to Paragraph 6 of the Complaint, Defendant acknowledges that
13 it is a Canada corporation qualified to do business in California, with a place of
14 business at 101 Japanese Village Plaza, Los Angeles, California 90012.  Defendant
15 further acknowledges that it is registered with the California Secretary of State and
16 owns and operates the URL: www.Kendall-Kylie.com (referred to in the Complaint as
17 the "Website").

18     7.    In answer to Paragraph 7 of the Complaint, Defendant lacks sufficient
19 information or belief to admit or deny the allegations in this paragraph and basing its
20 response on such lack of information and belief, Defendant deny, generally and
21 specifically, the allegations contained therein.

22 **STATEMENT OF FACTS**

23 **A.    Background and Plaintiff's Ownership of the Photograph**

24     8.    In answer to Paragraph 8 of the Complaint, Defendant acknowledges that
25 a photograph is attached to the Complaint as Exhibit A (referred to in the Complaint
26 as the "Photograph").  Defendant lacks sufficient information or belief to admit or
27 deny the remaining allegations in this paragraph and basing its response on such lack
28

ANSWER TO COMPLAINT (3072541 CANADA INC.)

of information and belief, Defendant denies, generally and specifically, the allegations contained therein.

9.    In answer to Paragraph 9 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations in this paragraph and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein.

10.    In answer to Paragraph 10 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations in this paragraph and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein.

**B.    Jenner's Infringing Activities**

11.    In answer to Paragraph 11 of the Complaint, Defendant acknowledges that a photograph of a T-shirt is attached to the Complaint as Exhibit B (referred to in the Complaint as the "T-Shirt").  Defendant denies the remaining allegations set forth therein.

12.     In answer to Paragraph 12 of the Complaint, Defendant did not engage in any unauthorized use of the Photograph as set forth in the Complaint; thus any permission or consent from Plaintiff was unnecessary.

<u>**CLAIM FOR RELIEF**</u>

**(COPYRIGHT INFRINGEMENT AGAINST JENNER)**

**(17 U.S.C. §§ 106, 501)**

13.    In answer to Paragraph 13 of the Complaint, Defendant incorporates its prior responses to Paragraphs 1 through 12 herein.

14.    In answer to Paragraph 14 of the Complaint, Defendant denies each and every allegation set forth therein.

15.    In answer to Paragraph 15 of the Complaint, Defendant denies each and every allegation set forth therein.

ANSWER TO COMPLAINT (3072541 CANADA INC.)

1959993/4293.019

16.    In answer to Paragraph 16 of the Complaint, Defendant denies that it engaged in any act of infringement, willfulness, intentional or purposeful disregard to anyone's rights.

17.    In answer to Paragraph 17 of the Complaint, Defendant denies that it engaged in any act of infringement.  Defendant lacks sufficient information or belief to admit or deny the remaining allegations in this paragraph and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the remaining allegations contained therein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

18.    The Complaint fails to state facts sufficient to constitute any claim upon which relief may be granted.

### Second Affirmative Defense

19.    Plaintiff lacks standing because it has not demonstrated ownership of a valid copyright registration for the Photograph (described in the Complaint as a photograph of Tupac Shakur with Notorious B.I.G. and Redman).

### Third Affirmative Defense

20.    Plaintiff lacks standing to bring claims for copyright infringement as Plaintiff is not the author or creator of the Photograph.

### Fourth Affirmative Defense

21.    Plaintiff's copyright and/or copyright registrations are invalid.

### Fifth Affirmative Defense

22.    If Defendant infringed any copyright interest allegedly held by Plaintiff, Defendant did so with innocent intent.

### Sixth Affirmative Defense

23.    Plaintiff lacks standing to bring the Complaint because, among other things, Plaintiff is not the owner and/or author of the Photograph.

ANSWER TO COMPLAINT (3072541 CANADA INC.)

Seventh Affirmative Defense

24.    Plaintiff is barred from obtaining any relief due to its fraud, including but not limited to, committing a fraud upon the Copyright Office.

Eighth Affirmative Defense

25.    Plaintiff's claims are barred by the First Sale Doctrine.

Ninth Affirmative Defense

26.    Plaintiff's claims are barred by the doctrine of fair use.

Tenth Affirmative Defense

27.    Plaintiff is barred from recovery because Plaintiff has committed misuse of copyright.

Eleventh Affirmative Defense

28.    Plaintiff's conduct with regards to the matters alleged in the Complaint was such that Plaintiff is barred by the equitable doctrine of unclean hands from obtaining the relief requested against Defendant.

Twelfth Affirmative Defense

29.    Some or all of the damages alleged by Plaintiff, if any, are to be offset by the damage sustained by Defendant as a result of Plaintiff's conduct.

Thirteenth Affirmative Defense

30.    Plaintiff is not entitled to statutory damages or attorney's fees pursuant to 17 U.S.C. § 412.

Fourteenth Affirmative Defense

31.    Defendant denies that it is responsible or liable in any way for the damages or loss alleged in the Complaint.  However, if Defendant is found to be liable or responsible for any or all of the alleged damages or loss, Defendant alleges that it, if any, is not the sole proximate cause of the damage or loss, that the damage awarded to Plaintiff, if any, should be apportioned according to California state law by each parties' respective fault and legal responsibility of all parties, persons and entities, and

1959993/4293.019

their agents, servants, and employees who contributed to and/or cause such damages or loss according to the proof presented at the time of trial.

### Fifteenth Affirmative Defense

32.    At all times, Defendant acted in a commercially reasonable and lawful manner.  Each and every act or statement done or made by Defendant was a good faith assertion of the Defendant's rights and, therefore, was privileged and justified.

### Sixteenth Affirmative Defense

33.    Plaintiff failed to protect and/or enforce its alleged rights, and/or engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligent act, omission, or any other conduct, if any, as set forth in the Complaint.

### Seventeenth Affirmative Defense

34.    Plaintiff, though under an affirmative duty to do so, failed and neglected to mitigate its alleged damages, if any, and cannot recover against Defendant, whether as alleged of otherwise.

### Eighteenth Affirmative Defense

35.    The damages suffered by Plaintiff, if any, were the direct and proximate result of the acts, omission, or negligence of persons or entities other than Defendant.

### Nineteenth Affirmative Defense

36.    Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Defendant reserves the right to assert additional defenses, including but not limited to, res judicata and collateral estoppel, in the event that the discovery indicates that it would be appropriate.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by the Complaint and that judgment be rendered in favor of Defendant.

1959993/4293.019

2.    For costs of suit, including reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

3.    For such other and further relief as the court deems just proper.

Dated:  June 4, 2018                  BRUTZKUS GUBNER

By: /s/ Jeffrey A. Kobulnick
        MARK D. BRUTZKUS
        JEFFREY A. KOBULNICK
        MICHAEL A. BERNET
Attorneys for Defendant,
**3072541 CANADA INC.**

ANSWER TO COMPLAINT (3072541 CANADA INC.)

1959993/4293.019

1

## DEMAND FOR JURY TRIAL

2

Defendant, 3072541 CANADA INC. hereby requests a jury trial for all issues

3

triable by jury including, but not limited to, those issues and claims set forth in the

4

Complaint and any subsequent complaint or consolidated action.

5

6

Dated:  June 4, 2018                                        BRUTZKUS GUBNER

7

8

                                                By: /s/ Jeffrey A. Kobulnick

9

                                                MARK D. BRUTZKUS
                                                JEFFREY A. KOBULNICK

10

                                                MICHAEL A. BERNET

11

                                                Attorneys for Defendant,
                                                **3072541 CANADA INC.**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT (3072541 CANADA INC.)

1959993/4293.019