Imran F. Vakil, Esq. (Bar No. 248859)
ivakil@nexiolaw.com
NEXIO, PC
245 Fischer Avenue
Suite C3
Costa Mesa, CA 92626
Phone: (949) 478-6830
Facsimile: (949) 478-1275

Joseph A Dunne, Esq. (Pro Hac Vice)
JD@liebowitzlawfirm.com
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Suite 301
Valley Stream, New York 11580
T. 516-233-1660

*Attorneys for Plaintiff, Al Pereira*

**UNITED STATES DISTRICT COURT**
**CENTARL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AL PEREIRA<br><br>Plaintiff,<br><br>v.<br><br>3072541 CANADA, INC; AND DOES 1-10 INCLUSIVE<br><br>Defendants. | Docket No. 2:18-CV-2622-RGK-JC<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STAY AND FOR FEES AND COSTS PURSUANT TO FED. R. CIV. P. 41(d)** |

Plaintiff, Al Pereira ("Plaintiff" or "Pereira"), by and through his undersigned counsel, hereby opposes Defendant, 3072541 Canada, Inc's ("Defendant") Motion to Stay and Request for Costs and Fees pursuant to Fed. R. Civ, P. 41(d).

**I.    PRELIMINARY STATEMENT**

The Defendant's motion fails to establish a basis to award fees in the current action under Rule 41, which is a statutory rule permitting the award of costs. Defendant fails to establish a basis for this case to meet the exceptional burden to elevate this matter outside the

standard statutory limitation of Rule 41's award of costs, and relies on *Esquivel v. Arau*, 913 F. Supp. 1382 (C.D Cal 1996), which provides that attorney's fees are recoverable under Rule 41(d), a decision which has been heavily distinguished by other courts in the Ninth Circuit (discussed in far more detail in the Discussion section below).

Additionally, this is Defendant's second attempt to collect fees regarding the prior action in the Southern District of New York, Case No. SDNY, 1:17-cv-6496, (the "New York Action"). Defendant has already requested its fees in a currently pending motion in the New York Action, and Defendant is using Rule 41 in an attempt to get the proverbial second bite at the apple. Defendant is using this motion as a second chance at those fees should the New York court, the court far better suited to determine the justification for fees in that action, decline to make such an award.

And finally, Defendant requests $13,427.33 in fees for work performed in the New York action, yet provides no breakdown in the fees to justify its claim that the fees are for work that cannot be used in this current action. However, other than its Pro Hac Vice motion and its brief telephonic appearance at the Initial Conference, all work done in the New York Action is in-fact quite useful for the purposes of this action. This action is a federal copyright action, and the substantive legal work of both actions is identical. For example, all legal research with respect to the Complaint and Defendant's corresponding Answer and Affirmative Defenses, all settlement and other substantive discussions with Plaintiff's counsel, and all discussions with its own client, represent work that is equally useful in the current action.

This plea for $13,427.33 in attorneys' fees –which has no statutory basis - is its second request for the Courts to deviate from the American Rule of Law that mandates parties to cover their own attorneys' fees in meritorious actions. The request is duplicitous, and the determination of an award of fees should be left to the New York court, the Court before which all of the relevant conduct and work establishing the basis for the fee request was performed.

Defendant's request for fees should be denied, and accordingly its request for a Stay, pending the posting of a Bond, should also be denied as moot.

**II.     STATEMENT OF FACTS**

Plaintiff is the photographer and owner of a copyrighted iconic photograph of American rappers Tupac Shakur, Notorious B.I.G. and Redman (*See* Ex. A of the Complaint, Dkt. No. 1-1) (the "Photograph"). Defendant offered for sale a T-shirt design, as shown in Exhibit B (Dkt No. 1-2) of the Complaint, which incorporated the Photograph, with a superimposed pink image of a young woman (believed to be Kendall Jenner) over the Photograph, altering the original work.

Plaintiff brought this action for copyright infringement after dismissing the New York Action without prejudice. The New York Action was dismissed in the early stages, prior to discovery and after the Initial Conference. Prior to the initiation of this action, Defendant filled a motion for Attorney's Fees in the New York Action, on March 30, 2018.

**III.    DISCUSSION**

## A. UNDER THE "PLAIN MEANING" OF RULE 41(d), THE TERM "COSTS" CANNOT BE REASONABLY CONSTRUED TO INCLUDE ATTORNEYS' FEES, EXPENSES, OR NON-STATUTORY COSTS

### 1. *The "Plain Meaning" Rule of Statutory Construction Is Applicable to The Federal Rules Of Civil Procedure*

The Federal Rules of Civil Procedure constitute the law of the United States, *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for Southern Dist. of Iowa*, 482 U.S. 522 (1987), and have long been recognized as having the force and effect of federal statutes. *Barrezueta v. Sword S.S. Line,* 27 F. Supp. 935 (S.D.N.Y. 1939); see also *Rules Enabling Act*, 28 U.S.C. §§ 2072–74 (2006) ("The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals."). Because the Federal Rules of Civil Procedure are ultimately statutory, changes can only be accomplished "by the process of amending the Federal Rules, and not by judicial interpretation." See *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002) (citing *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coord. Unit*, 507 U.S. 163, 168 (1993)); see also *Pavelic & LeFlore v. Marvel Entm't Grp.,* 493 U.S. 120, 123 (1989) ("We give the Federal Rules of Civil Procedure their plain meaning…"). "It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain . . . the sole function of the courts is to enforce it according to its terms." *Caminetti v. United States*, 242 U.S. 470, 485 (1917). If a statute's language is plain and clear, then "the duty of interpretation does not arise, and the rules which are to aid doubtful meanings need no discussion." *Id*.

### 2. *Consistent with the "Plain Meaning" Rule, Courts Have Rejected an Award of Attorneys' Fees Under Rule 41(d)*

A district court's authority to award attorneys' fees or nonstatutory costs in connection with a Rule 41(d) has never been endorsed by the U.S. Supreme Court nor the Ninth Circuit. Indeed, sister circuit courts who have properly considered the issue have specifically rejected such practice. See *Rogers v. Wal-Mart Stores, Inc.*, 230 F. 3d 868 (6th Cir. 2000). In *Rogers*, the Sixth Circuit denied a motion for attorneys' fees under Rule 41(d), holding as follows:

> We now hold that attorney fees are not available under Rule 41(d). The reason is simple: the rule does not explicitly provide for them. Where Congress has intended to provide for an award of attorney fees, it has usually stated as such and it is not left for the courts to guess. Further, the law generally recognizes a difference between the terms "costs" and "attorney fees" and we have no desire to conflate the two terms. Rather, we must assume that Congress was aware of the distinction and was careful with its words when it approved Rule 41(d).

The Sixth Circuit's holding in *Rogers* is consistent with the well-established maxim of statutory construction, *expressio unius est exclusion alterius*, which holds that "when Congress includes particular language in one section of a statute but omits it in another … it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Keene Corp. v. United States*, 508 U.S. 200, 208 (1993) (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)); see also *Raleigh & Gaston Ry. Co. v. Reid*, 80 U.S. (13 Wall.) 269, 270, 20 L.Ed. 570 (1871) ("[w]hen a statute limits a thing to be done in a particular mode, it includes a negative of any other mode.")

In the Federal Rules of Civil Procedure, the term "attorneys fees" appears in multiple different rules. See, e.g., Fed. R. Civ. P. 16(f)(2), Fed. R. Civ. P. 26(g)(3), Fed. R. Civ. P.

30(g), Fed. R. Civ. P. 37(a)(5), Fed. R. Civ. P. 56(h). The inclusion of the term "attorneys fees" in said rules conclusively demonstrates that the absence of such term on the face of Rule 41(d) is purposeful. The district court should therefore not accept Defendants' invitation to rewrite the statute to include that which the drafters intentionally left out.

Decisions by courts within the Ninth Circuit are in accord with the "plain meaning" view of Rule 41(d) adopted by the Sixth Circuit. See, e.g., *Caldwell v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 24731, * 19-21 (N.D. Cal. 2014); *Banga v. First USA, N.A.*, 2010 WL 6184482, *4 (N.D. Cal. Dec. 8, 2010) (Beeler, J.) ("Under the plain language of Rule 41(d), only costs may be awarded, and not attorney's fees").

### 3. *Defendant Has Not Alleged Any "Vexatious" Conduct by Plaintiff, and Esquivel v. Arau Is Inapposite and Non-Controlling.*

In support of Defendant's proposition that Rule 41(d) should be construed to include attorney's fees and other discretionary expenses that go beyond actual statutory costs, Defendant relies on *Esquivel v. Arau*, 913 F. Supp. at 1392 (and citing precedent), which is factually inapposite and non-controlling. The approach adopted by *Esquivel*, which improperly disregards the plain meaning of Rule 41(d), has been specifically rejected by the more recent decision of *Banga*, which specifically "considered and rejected decisions [including *Esquivel*], that conclude that Rule 41(d) costs may include attorney's fees." *Banga*, 2010 WL 6184482 at *4.

Additionally, the finding in *Esquivel* was based on vexatious conduct, and "[in] this case, on the other hand, [Defendant] has offered no proof to substantiate the claims of vexatious litigation or forum shopping." *Bran v. Sun Pac. Farming Coop., No*., CVF 06-0871

LJO TAG, 2007 WL 781865, at *5 (E.D. Cal. Mar. 13, 2007)(distinguishing *Esquivel*). In fact, Defendant has not even claimed vexatious litigation or prejudice in its Motion, and has simply alleged that the two actions are substantially the same. However, as the *Bran* court stated, in Note 6, "simply re-filing the same claim in a separate court, without more, does not rise to the level of vexatious litigation." *Id.*, at n. 6.

Defendant also relies *Holt v. Kormann*, No. SACV 11-01047 DOC, 2012 WL 5829864, at *4 (C.D. Cal. Nov. 15, 2012), where the court explicitly urged "caution" in awarding fees under Rule 41(d), and "tailored" its holding accordingly. *Id*. The Holt court limited its holding to the facts in that case where the first action was *involuntarily* dismissed, noting the appearance of bad-faith related to the involuntary dismissal that "…may result from plaintiff's intentional conduct." *Id*. (citing *Hacopian v. U.S. Dept. of Labor*, 709 F.2d 1295, 1297 (9th Cir.1983)).

### B. THE WORK PERFORMED BY DEFENDANTS IN THE NEW YORK ACTION CAN BE USED IN THE PRESENT ACTION

Courts which have awarded attorneys' fees due to a voluntary dismissal have limited payment of Rule 41(d) attorneys' fees to compensation for work done in the first action that cannot be used in a second existing or contemplated action. See *Adams v. New York State Educ. Dep't*, 630 F.Supp.2d 333, 343–44 (S.D.N.Y.2009). Here, Defendants' $13,427.33 request for all costs and fees incurred in defending Plaintiff's claims does not represent work that cannot be used in the current action, and is thus entirely inconsistent with Rule 41's purpose.

Defendant has not provided a breakdown of its work, nor any authority to support its position that only things like discovery and expert work are considered to be reusable. (See Dkt 21, Defendant's s Memorandum of Law, p.5). As Defendant's motion repeatedly points out, and relies on, the two actions are substantively identical, involving the exact same federal cause of action, the same facts, and the same issues of law.  Accordingly, all substantive work, except for procedural work unique to the New York action, is work that is readily useful to the current action.

### C. THIS REQUEST IS DUPLICATIVE OF DEFENDANT'S REQUEST FOR ATTORNEY'S FEES PENDING IN THE NEW YORK ACTION, AND DEFENDANT SHOULD BE ESTOPPED FROM MOVING FOR THE SAME RELIEF IN THIS ACTION

Defendants should be estopped from making a second motion for attorney's fees based on Plaintiff's voluntary dismissal under Fed. R. Civ. 41.  As noted in Defendant's Memorandum of Law, Defendant has already filed a request for its attorney fees associated with the New York Action. (See Dkt No. 21, p. 6, n. 1).  Though the pending motion before the New York court is not based on Rule 41(d), it is based on the identical set of facts and procedural questions at issue in their current motion for costs and fees under Fed. R. Civ. P. 41(d) before this court.   Defendant is not requesting a double award, but is instead asking this Court for a second attempt at collecting its fees.  Essentially, if the New York court denies Defendant's request, the Defendant is requesting that this court award such fees, on the same basis of facts that the New York court denied.  In the alternative, if the New York Court grants Defendant's request, the fee request in this motion is rendered moot.

The existing precedent establishes that bad-faith or other "vexatious" conduct provides a basis by which Rule 41(d) can be used to justify an award of fees, and not simply costs. The purpose of Rule 41(d) is "to protect defendants from the harassment of repeated lawsuits by the same plaintiff on the same claims." See *Holt v. Kormann*, No. SACV 11-01047 DOC, 2012 WL 5829864, at *2 (C.D. Cal. Nov. 15, 2012)(citing *Jurin v. Google Inc.*, 695 F.Supp.2d 1117, 1123 (E.D.Cal.2010); *Hacopian v. United States Dept. of Labor*, 709 F.2d 1295, 1297 (9th Cir.1983) (describing the "dangers of harassment and vexatious litigation ... in cases covered by Rule 41(d)").)

That same conduct is the at very heart of the inquiry regarding Defendant's motion for fees in the New York Action. Importantly, the conduct that would give rise to an award of such fees involves the conduct before the court in the New York Action, and not this current action. Plaintiff respectfully submits that the New York court is far better suited to adjudicate the merits of this motion with respect to whether or not Plaintiff's conduct in the New York Action warrants an award of fees.

**IV.  CONCLUSION**

Defendant's motion does not present any evidence or allegations of vexatious, bad-faith or any other prejudicial conduct by Plaintiff, yet it seeks an award of fees contrary to the clear American rule disfavoring such fee awards. Plaintiff promptly dismissed the New York Action, prior to the start of discovery, and filed the current action in this district, a home district, and far more convenient district for Defendants. Defendant is not only not prejudiced by the change in venue, but in-fact receives a significant cost-saving benefit.

Plaintiff simply did not engage in any vexatious, prejudicial, or other conduct that would warrant an award of fees with respect to the New York Action. Ancillary to this point, Defendant has already moved for its fees based on Plaintiff's conduct in the New York Action, and this motion is largely duplicative. This court should defer to the ruling of the New York court with respect to Defendant's request for fees.

Additionally, Defendant has failed to provide a breakdown and/or basis for the fees it has requested, and has failed to establish what, if any, work involved in incurring such fees is useful in the current action and not subject to Rule 41(d). Outside of minimal procedural work (its Pro Hac Motion and telephonic appearance at the Initial Conference), the overwhelming majority of work in the New York action was substantive work related to the merits of the case, and of equal value in both actions.

For the foregoing reasons Defendant's request for fees should be denied, and accordingly its Motion to Stay should be denied as moot.

DATED: June 11, 2018  Respectfully Submitted,

/s/ Joseph A. Dunne
Joseph A Dunne, Esq. (Pro Hac Vice)
JD@liebowitzlawfirm.com
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Suite 301
Valley Stream, New York 11580
T. 516-233-1660

Imran F. Vakil, Esq. (Bar No. 248859)
ivakil@nexiolaw.com
NEXIO, PC
245 Fischer Avenue
Suite C3
Costa Mesa, CA 92626
Phone: (949) 478-6830
Facsimile: (949) 478-1275

*Attorneys for Plaintiff, Al Pereira*