Mark D. Brutzkus - Bar No. 128102
Jeffrey A. Kobulnick - Bar No. 228299
Michael A. Bernet - Bar No. 306657
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone:  (818) 827-9000
Facsimile:  (818) 827-9099
Email:      mbrutzkus@bg.law
            jkobulnick@bg.law
            mbernet@bg.law

Attorneys for Defendant, 3072541 CANADA INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL PEREIRA,<br><br>          Plaintiff,<br><br>     v.<br><br>3072541 CANADA INC.; and DOES 1-10 INCLUSIVE<br><br>          Defendants. | Case No. 2:18-CV-02622-RGK-JC<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS**<br><br>*[Supplemental Declaration of Jeffrey A. Kobulnick Filed Concurrently Herewith]*<br><br>Hearing Date:   July 2, 2018<br>Time:           9:00 a.m.<br>Courtroom:      850 (Rovbal) |

DEFENDANT'S REPLY ISO MOTION TO STAY PROCEEDINGS

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     INTRODUCTION ...................................................................................... 1

II.    THE MOTION SHOULD BE GRANTED ................................................ 2

    A.    Plaintiff Does Not Dispute That Rule 41(d) Applies ........................... 2

    B.    Attorneys' Fees Are Recoverable Under Rule 41(d) .......................... 2

    C.    Rule 41(d) Does Not Require a Showing of Vexatious Conduct ........ 5

    D.    None of the Work Performed in the New York Action Can Be
          Reused in this Action .......................................................................... 7

    E.    This Motion is Not Duplicative of the Pending Motion in the New
          York Action, and Defendant is Not Attempting to Double-Recover ... 8

III.   CONCLUSION ............................................................................................ 9

i

1965160/4293.019

1

# TABLE OF AUTHORITIES

2

Page

3

**Cases**

*Andrews v. Am.'s Living Centers, LLC,*
827 F.3d 306, 311 (4th Cir. 2016)..................................................................4

*Banga v. First USA, N.A.,*
No. C 10-00975 SBA LB, 2010 WL 6184482, at *1 (N.D. Cal. Dec. 8, 2010).........6

*Between the Lines Prods., LLC v. Lions Gate Entm't Corp.,*
No. CV 14-00104-R, 2014 WL 12569354, at *3 (C.D. Cal. June 10, 2014). ............5

*Bran v. Sun Pac. Farming Coop.,*
No. CVF 06-0871 LJO TAG, 2007 WL 781865, at *1
(E.D. Cal. Mar. 13, 2007) .....................................................................5, 6

*Caldwell v. Wells Fargo Bank, N.A.,*
No. 13-CV-01344-LHK, 2014 WL 789083, at *1 (N.D. Cal. Feb. 26, 2014) ..........6

*Esquivel v. Arau,*
913 F. Supp. 1382 (C.D. Cal. 1996) ..................................................*passim*

*Garza v. Citigroup Inc.,*
881 F.3d 227 (3d Cir. 2018)..................................................................4, 5

*Horowitz v. 148 South Emerson Associates LLC,*
888 F.3d 13 (2d Cir. 2018)......................................................................4

*Key Tronic Corp. v. United States,*
511 U.S. 809 (1994)...........................................................................2

*Lennard v. Yeung,*
No. CV1009322MMMAGRX, 2011 WL 13217925, at *4
(C.D. Cal. Aug. 16, 2011) .......................................................................5

*Marek v. Chesny,*
473 U.S. 1 (1985)...............................................................................3

*Moskowitz v. Am. Sav. Bank, F.S.B.,*
No. CV 17-00299 HG-KSC, 2017 WL 4883424, at *2
(D. Haw. Oct. 30, 2017) ........................................................................4

*Nielson v. Union Bank of California, N.A.,*
No. CV0206942MMMCWX, 2003 WL 27374136, at *6
(C.D. Cal. Mar. 31, 2003) ......................................................................4

*Reid v. I.C. Sys. Inc.,*
304 F.R.D. 253 (D. Ariz. 2014) ................................................................4

*Rogers v. Wal-Mart Stores, Inc.,*
230 F. 3d 868 (6th Cir. 2000)..............................................................4, 5

DEFENDANT'S REPLY ISO MOTION TO STAY PROCEEDINGS

1965160/4293.019

**Statutes**

17 U.S.C. § 40 ............................................................................................... 3

17 U.S.C. § 505 ..................................................................................... 1, 3, 8

28 U.S.C. § 1927 ......................................................................................... 1, 8

California Code of Civil Procedure Section 391(b) ....................................... 6

**Rules**

Fed. R. Civ. P. 41(d) ........................................................................... *passim*

Fed. R. Civ. P. 68 ........................................................................................ 3

DEFENDANT'S REPLY ISO MOTION TO STAY PROCEEDINGS

1965160/4293.019

Defendant, 3072541 CANADA INC. ("Defendant") hereby submits this Reply in support of its Motion to Stay Proceedings (ECF 21) (the "Motion").

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.    INTRODUCTION

The majority of courts to evaluate the issue at hand in this Motion, including those within the Ninth Circuit, agree that attorneys' fees are recoverable under Rule 41(d) where, as here, the underlying statute sued upon (the Copyright Act) provides that recoverable "costs" can include "attorneys' fees." Furthermore, as the cases that Plaintiff relies upon in its Opposition make clear, proof of bad-faith or vexatious conduct is not a requirement for an award of costs under Rule 41(d). Additionally, due to the early-stage at which the dismissal of the previous action occurred, and because it occurred in another jurisdiction, none of the work performed in that previous action can be used again in this action (e.g., jurisdiction-specific legal research, deposition and written discovery materials, etc.) Further, the Motion is not duplicative of the pending motion in the New York Action, which is based on entirely different facts and procedural issues, namely Rule 11 (misrepresentations to the court), 28 U.S.C. § 1927 (counsel's liability for excessive costs), and 17 U.S.C. § 505 (prevailing party in a copyright action). Finally, Defendant is not attempting to double-recover with respect to any fee awards granted via this Motion or the pending motion in the New York Action, as Defendant has already stated that it will withdraw this Motion if the pending motion in New York is granted in its entirety, and that it is amenable to the Court delaying its decision on this Motion until after the pending New York motion is decided.

For all the foregoing reasons, the Motion should be granted, or at very least taken under submission until a ruling is issued on the pending motion in the New York Action.

---

DEFENDANT'S REPLY ISO MOTION TO STAY PROCEEDINGS

1965160/4293.019

## II. THE MOTION SHOULD BE GRANTED

### A. Plaintiff Does Not Dispute That Rule 41(d) Applies

Noticeably absent from Plaintiff's Opposition to the Motion is any contention that Rule 41(d) does not apply here. *See generally* Opposition, ECF 25. Rule 41(d) contains four elements: (1) a plaintiff voluntarily dismissed a previous action, (2) the same plaintiff filed a new action in another court, (3) against the same defendant, and (4) involving the same claim. Fed. R. Civ. P. 41(d). Here, the pleadings clearly show that all of the necessary elements are established. *Compare* RJN, Ex. 2, ECF 23 at *13 (First Amended Complaint in the New York Action), and RJN, Ex. 4, ECF 23 at *24 (Entered Request for Voluntary Dismissal), *with* ECF 1 (Complaint). Moreover, Plaintiff has conceded that both cases involve the same parties and the same claim. *See generally* Opposition, ECF 25; *see also* Meet and Confer E-Mail, ECF 22 at *5. Accordingly, Rule 41(d) applies to the instant action.

### B. Attorneys' Fees Are Recoverable Under Rule 41(d)

In confronting an issue of first impression in *Esquivel v. Arau*, 913 F. Supp. 1382, 1388 (C.D. Cal. 1996), the district court discussed in great length why attorneys' fees can be included in an award of costs under Rule 41(d). In particular, the *Esquivel* court specifically examined and rejected the argument that Plaintiff makes in its Opposition to the instant Motion that the language of Rule 41(d) refers only to "costs." *Id.* at 1389.

As the *Esquivel* court noted, the "Supreme Court has . . . confirmed that '[t]he absence of specific reference to attorney's fees is not dispositive if the statute otherwise evinces an intent to provide for such fees.'" *Id.* at 1390 (quoting *Key Tronic Corp. v. United States*, 511 U.S. 809, 815 (1994)). As the *Esquivel* court also correctly noted, "There are indications that the lack of a specific mention of 'attorneys' fees' in Rule 41(d) does not make such expenses nonrecoverable. The term 'costs' as used in the Federal Rules is a variable one, with different meanings in different contexts." *Id.*

1  For instance, as the Supreme Court has found, the "term 'costs' in Rule 68 has

2  been interpreted to include attorneys' fees where the substantive statute sued under

3  also defines 'costs' to include attorneys' fees." *Id.* (citing *Marek v. Chesny*, 473 U.S.

4  1, 9 (1985)).  Here, as the Supreme Court found in *Marek*, the substantive statute sued

5  under, <u>the Copyright Act, expressly allows courts to "award a reasonable attorney's</u>

6  <u>fee to the prevailing party as part of the costs</u>."  17 U.S.C. § 505 (emphasis added);

7  *Marek*, 473 U.S. at 8.[1]  The Supreme Court in *Marek* even went on to list 63 separate

8  federal acts, including the Copyright Act, where recoverable attorneys' fees are only

9  referred to as "costs."  *Marek v. Chesny*, 473 U.S. at 44-48.

10  Additionally, as the *Esquivel* court noted, Rule 41(a) "mentions neither 'costs'

11  nor 'attorneys' fees,' and speaks only of 'conditions' that a court may impose as it

12  deems proper.  *Esquivel*, 913 F.Supp. at 1390.  "Yet . . . the Ninth Circuit, among

13  others, has consistently interpreted that provision to permit a federal court to impose a

14  requirement of payment of a defendant's attorneys' fees as a condition to voluntary

15  dismissal."  *Id.* (citations omitted).  Further, the *Esquivel* court noted,

16  The fact that Rule 41(a)(2) has been a basis to impose fee award
17  "conditions" lends support to the proposition that Rule 41(d) "costs"
18  awards should also include attorneys' fees.  Given that the purpose of
   Rule 41(d) is to discourage indiscriminate and vexatious litigation and
19  unnecessary expenditures by defending parties, it would be inconsistent
   to conclude that a court has discretion to condition Rule 41(a)(2)
20  voluntary dismissal without prejudice on payment of attorneys' fees, but
21  that a court does *not* have discretion to exact the same payment from a
   plaintiff who has noticed a Rule 41(a)(1) dismissal in a previous case.  In
22  either situation, the plaintiff has required the defendant to incur expenses
   that may be substantial.  It would be anomalous to require the plaintiff to
23  internalize the full costs of its conduct in one context but not the other.

24

25

26  _____
27  [1] In *Marek*, the Supreme Court cited to the Copyright Act of 1909 and not to the current Copyright Act of 1976.  *Marek v. Chesny*, 473 U.S. 1, 8 (1985).  This distinction, however, is of no concern as both versions of the Copyright Act provide for discretionary awards of attorneys' fees to
28  the prevailing party as part of the costs.  *Compare* Section 40 of the Copyright Act of 1909, 17 U.S.C. § 40 (1934 ed.), *with* Section 505 of the Copyright Act of 1976, 17 U.S.C. § 505 (West, 2018).

DEFENDANT'S REPLY ISO MOTION TO STAY PROCEEDINGS

1965160/4293.019

1  *Esquivel*, 913 F.Supp. at 1391 (emphasis in original) (citations omitted).

2  Furthermore, Plaintiff's reliance on *Rogers v. Wal-Mart Stores, Inc.*, 230 F. 3d

3  868 (6th Cir. 2000) is unpersuasive.  Not only was *Rogers* not based on the Copyright

4  Act, but was instead based on negligence arising from a trip and fall in a store aisle,

5  but the majority of other courts to examine the issue have disagreed with *Rogers* for

6  the same reasons discussed by *Esquivel*.  *See Garza v. Citigroup Inc.*, 881 F.3d 227,

7  282-83 (3d Cir. 2018) ("We decline to follow this interpretation [from *Rogers*] of the

8  rule because the Supreme Court of the United States has recognized that 'costs' is an

9  ambiguous term subject to 'varying definitions.'"); *Horowitz v. 148 South Emerson*

10 *Associates LLC*, 888 F.3d 13, 24 (2d Cir. 2018) ("we agree with the outcomes arrived

11 at by the Eighth and Tenth Circuits: district courts may award attorneys' fees as part

12 of costs under Rule 41(d)."); *see also Andrews v. Am.'s Living Centers, LLC*, 827 F.3d

13 306, 311 (4th Cir. 2016) ("We find the Seventh Circuit's reasoning persuasive and

14 thus adopt it here. Rule 41(d) does not provide for an award of attorneys' fees as a

15 matter of right; instead, a district court may award attorneys' fees under this rule only

16 where the underlying statute provides for attorneys' fees."); *Nielson v. Union Bank of*

17 *California, N.A.*, No. CV0206942MMMCWX, 2003 WL 27374136, at *6 (C.D. Cal.

18 Mar. 31, 2003) (rejecting *Rogers* and holding "the majority rule more accurately

19 reflects the intent of Rule 41(d), and that attorney's fees may be properly awarded

20 thereunder.").

21 Finally, while Plaintiff cites to a few district court cases within the Ninth

22 Circuit that were decided after *Esquivel*, between 2007 and 2014, where those courts

23 concluded that attorneys' fees are not recoverable as part of costs under Rule 41(d),

24 even more recent district court cases within the Ninth Circuit to evaluate the issue are

25 back in-line with *Esquivel*, specifically holding that attorneys' fees are recoverable

26 under Rule 41(d).  *See, e.g., Moskowitz v. Am. Sav. Bank, F.S.B.*, No. CV 17-00299

27 HG-KSC, 2017 WL 4883424, at *2 (D. Haw. Oct. 30, 2017); *Reid v. I.C. Sys. Inc.*,

28 304 F.R.D. 253, 255 (D. Ariz. 2014); *Between the Lines Prods., LLC v. Lions Gate*

DEFENDANT'S REPLY ISO MOTION TO STAY PROCEEDINGS

1  *Entm't Corp.*, No. CV 14-00104-R, 2014 WL 12569354, at *3 (C.D. Cal. June 10,
2  2014).

3       Accordingly, where, as here, an underlying statute (i.e., the Copyright Act)
4  authorizes an award of attorneys' fees to the prevailing party as part of the "costs" of
5  the action, such fees may be recovered under Rule 41(d).

6  ### C. Rule 41(d) Does Not Require a Showing of Vexatious Conduct

7       Contrary to Plaintiff's position, Rule 41(d) does not require a showing of
8  vexatious conduct. *See* Fed. R. Civ. P. 41(d) ("If a plaintiff who previously dismissed
9  an action in any court files an action based on or including the same claim against the
10  same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of
11  that previous action; and (2) may stay the proceedings until the plaintiff has
12  complied.")

13       In fact, many courts, <u>and even the cases relied upon by Plaintiff</u>, have
14  recognized that "a showing of bad faith is not a requirement for an award under Rule
15  41(d)." *Bran v. Sun Pac. Farming Coop.*, No. CVF 06-0871 LJO TAG, 2007 WL
16  781865, at *4 (E.D. Cal. Mar. 13, 2007); *see Rogers v. Wal-Mart Stores, Inc.*, 230
17  F.3d 868, 874 (6th Cir. 2000) ("Rogers' claim of pure motive does not win the day
18  because 'nothing in the language of Rule 41(d) … suggests that a defendant must
19  show 'bad faith' before a district court can order payment of costs incurred in a
20  voluntarily dismissed previous action.'") (quoting *Esquivel v. Arau*, 913 F. Supp.
21  1382, 1388 (C.D. Cal. 1996)); *Garza v. Citigroup Inc.*, 311 F.R.D. 111, 115 (D. Del.
22  2015) (same); *Lennard v. Yeung*, No. CV1009322MMMAGRX, 2011 WL 13217925,
23  at *4 (C.D. Cal. Aug. 16, 2011) ("Even though Rule 41(d) strives to deter forum
24  shopping and vexatious litigation, a defendant need not show that plaintiff dismissed
25  the previous action in bad faith.")

26       Also contrary to Plaintiff's assertions, *Esquivel* was not based on a specific
27  finding of vexatious conduct. *See generally Esquivel*, 913 F. Supp. 1382. Rather,
28  *Esquivel* stated in dicta that "Rule 41(d) is 'intended to serve as a deterrent to forum

1965160/4293.019

shopping and vexatious litigation.'" *Id.* at 1386 (citation omitted). "It is difficult to discern why Rule 41(d) would be necessary if the conduct it addresses were not presumptively abusive." *Id.* at 1391.

Additionally, Plaintiff claims that *Esquivel* is "factually inapposite" without any discussion as to why that is so, or any demonstration as to why any of the other authorities cited in Plaintiff's Opposition are more factually similar to the case at hand. *See generally* Opposition, ECF 25 at *6-7. Contrary to Plaintiff's assertions, *Esquivel* is factually on-point with the instant case, as both cases involve copyright lawsuits that were originally filed in the Southern District of New York, were voluntarily dismissed, and then re-filed in the Central District of California. *See generally Esquivel*, 913 F. Supp. 1382. In fact, none of the cases relied upon by Plaintiff are factually similar to the case at hand. *See Caldwell v. Wells Fargo Bank, N.A.*, No. 13-CV-01344-LHK, 2014 WL 789083, at *1 (N.D. Cal. Feb. 26, 2014) (breach of loan agreement); *Banga v. First USA, N.A.*, No. C 10-00975 SBA LB, 2010 WL 6184482, at *1 (N.D. Cal. Dec. 8, 2010) (violations of the Fair Credit Reporting Act); *Bran v. Sun Pac. Farming Coop.*, No. CVF 06-0871 LJO TAG, 2007 WL 781865, at *1 (E.D. Cal. Mar. 13, 2007) (wage and overtime dispute).

Finally, Plaintiff's reliance on *Bran* for the proposition that Defendant must offer proof of vexatious litigation or forum shopping in order to recover costs under Rule 41(d) is also unpersuasive because, as the Court unequivocally stated in *Bran*, in the paragraph immediately preceding the quotation extracted by Defendant, "Rule 41(d) does not apply in the instant case." *Bran v. Sun Pac. Farming Coop.*, No. CVF 06-0871 LJO TAG, 2007 WL 781865, at *5 (E.D. Cal. Mar. 13, 2007). This was because the *Bran* plaintiffs "were not participants in the [previous] action and therefore did not dismiss a previous action." *Id.* at *5. The *Bran* plaintiffs were therefore not subject to Rule 41(d)'s presumption of vexatious conduct, and because the defendant had not submitted any proof that the plaintiffs' conduct fit within California Code of Civil Procedure section 391(b)'s definition of a "vexatious

litigant," the defendant also could not recover attorneys' fees under that theory. *See id.* at n. 6.

Accordingly, proof of bad-faith or vexatious conduct is not required under Rule 41(d). Rather, all that Rule 41(d) requires is that the same plaintiff re-filed previously voluntarily dismissed claims against the same defendant in another court, which is the case here. *See* Fed. R. Civ. P. 41(d).

### D. None of the Work Performed in the New York Action Can Be Reused in this Action

Plaintiff incorrectly contends that "all legal research with respect to the Complaint and Defendant's corresponding Answer and Affirmative Defenses, all settlement and other substantive discussions with Plaintiff's counsel, and all discussions with its own client, represent work that is equally useful in the current action." ECF 25, at 2:22-27.

That is not true because any research that Defendant's counsel engaged in was made under Second Circuit authorities, not Ninth Circuit authorities. (*See* Supp. J. Kobulnick Decl. ¶ 4.) Additionally, Defendant will necessarily incur additional fees for any future settlement or substantive discussions, regardless of whether they are substantively similar to prior discussions. Further, as previously stated, because the New York Action was dismissed at such an early stage, no work had been performed yet that can be readily used again in this case, such as depositions, written discovery responses, or creation of expert materials. (ECF 22, ¶ 5.)

While Defendant did offer to lodge copies of its billing statements with the Court upon request (ECF 22, ¶ 4), a chart reflecting all the charges that Defendant seeks reimbursement for through the Motion is included within the Supplemental Declaration of Jeffrey A. Kobulnick, filed concurrently herewith. (*See* Supp. J. Kobulnick Decl. ¶ 4.) A review of this chart clearly reflects that none of the work performed can be used again in this action. (*See id.*)

Accordingly, as none of the work performed in the New York Action can be

DEFENDANT'S REPLY ISO MOTION TO STAY PROCEEDINGS

1  used in this case, Defendant should be entitled to recover all of its attorneys' fees and

2  costs for work performed prior to the dismissal, in accordance with Rule 41(d).

3     **E.    This Motion is Not Duplicative of the Pending Motion in the New**

4          **York Action, and Defendant is Not Attempting to Double-Recover**

5          Contrary to Plaintiff's assertions, the current Motion is not based on the

6  identical set of facts or procedural questions at issue in the pending motion in the New

7  York Action.  This Motion is based on Rule 41(d) (re-filing a previously dismissed

8  claim), whereas the pending motion in the New York Action is based on Rule 11

9  (misrepresentations to the court), 28 U.S.C. § 1927 (counsel's liability for excessive

10 costs), and 17 U.S.C. § 505 (prevailing party in a copyright action).

11         Additionally, as set forth in the Motion, Defendant is not attempting to "double-

12 dip" with respect to its request for fees in the New York Action.  Defendant has

13 already stated that "If the pending motion in the New York action is granted in its

14 entirety, Defendant would then agree to withdraw this Motion."  ECF 21 at 6:28.

15 Defendant also stated that "If the Court is so inclined, Defendant is amenable to the

16 Court delaying its decision on this Motion to Stay Proceedings until after a decision is

17 rendered on the pending motion in the New York action."  *Id.* at 6:26-28.

18         Accordingly, the Court should disregard Plaintiff's contentions concerning the

19 relation of this Motion to the pending motion in the New York Action.

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

III.    **CONCLUSION**

For all the foregoing reasons, the Motion should be granted, or at very least taken under submission until a ruling is issued on Defendant's pending motion for attorneys' fees and costs in the New York Action.

Dated:  June 18, 2018                              Respectfully submitted,

                                                   BRUTZKUS GUBNER


                                                   By: /s/ Jeffrey A. Kobulnick
                                                       MARK D. BRUTZKUS
                                                       JEFFREY A. KOBULNICK
                                                       MICHAEL A. BERNET

DEFENDANT'S REPLY ISO MOTION TO STAY PROCEEDINGS

1965160/4293.019