# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:18-CV-02622-RGK-JC | Date | July 05, 2018 |
|---|---|---|---|
| Title | *PEREIRA v. 3072541 CANADA INC.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion to Stay Proceedings

## I. INTRODUCTION

On March 30, 2018, Al Pereira ("Plaintiff") filed a complaint against 3072541 Canada Inc. ("Defendant") alleging copyright infringement under 17 U.S.C. §§ 106 and 501.

On January 4, 2018, Plaintiff voluntarily dismissed an action against Defendant in the Southern District of New York involving the same claim. Now before the Court is Defendant's Motion to Stay Proceedings until Plaintiff pays Defendant's costs and attorneys' fees incurred in the voluntarily-dismissed action. For the following reasons the Court **DENIES** Defendant's motion.

## II. FACTUAL BACKGROUND

Plaintiff is the photographer and owner of a copyrighted photograph of American rappers Tupac Shakur, Notorious B.I.G., and Redman. Defendant offered for sale a T-shirt design that incorporated the photograph with a superimposed image of celebrity Kendall Jenner.

On September 12, 2017, Plaintiff brought an action for copyright infringement in the Southern District of New York (the "New York action") against Kendall Jenner Inc. On December 8, 2017, Plaintiff filed a First Amended Complaint in that action, dropping Kendall Jenner Inc. as a defendant and adding Defendant, 3072541 Canada Inc., as the sole defendant.

On December 18, 2017, the New York court ordered Plaintiff to show cause as to why he should not be required to post security for Defendant's anticipated costs of proceeding further with that case. Instead of doing so, on January 4, 2018, Plaintiff filed a notice of voluntary dismissal without prejudice, which the New York court granted the following day.

On March 30, 2018, Defendant filed a Motion for Attorneys' Fees in the New York action. To date, there is no indication that the motion has been ruled on. Later that day, Plaintiff filed an essentially identical complaint against Defendant in this Court. Defendant now brings this Motion to Stay

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:18-CV-02622-RGK-JC | Date | July 05, 2018 |
|---|---|---|---|
| Title | *PEREIRA v. 3072541 CANADA INC.* | | |

Proceedings and requests an award of $13,427.33 in costs and attorneys' fees that were incurred while defending the New York action.

### III. JUDICIAL STANDARD

Under Federal Rule of Civil Procedure 41(d), a court has broad discretion to award costs to a defendant when a plaintiff has previously dismissed an action based on the same claim against the same defendant. *See Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996). The rule states, in relevant part:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d). Rule 41(d)'s purpose is "to protect defendants from the harassment of repeated lawsuits by the same plaintiff on the same claims." *Holt v. Kormann*, No. SACV 11-01047 DOC, 2012 U.S. Dist. LEXIS 164339, at *2 (C.D. Cal. Nov. 15, 2012) (quoting *Jurin v. Google Inc.*, 695 F. Supp. 2d 1117, 1123 (E.D. Cal. 2010)); *see also Hacopian v. U.S. Dep't of Labor*, 709 F.2d 1295, 1297 (9th Cir. 1983) (describing the "dangers of harassment and vexatious litigation . . . in cases covered by Rule 41(d)").

### IV. DISCUSSION

Defendant requests a total award of $13,427.33 (consisting of $13,005.00 in attorneys' fees and $422.33 in costs) incurred in defending the New York action and a stay in the proceedings until Plaintiff has paid these costs and fees. The Court denies both requests.

As previously stated, Rule 41(d) provides that courts have discretion to award costs and stay proceedings where a plaintiff files an action after voluntarily dismissing an action involving the same claims against the same party. Fed. R. Civ. P. 41(d). Here, there is no dispute that Plaintiff's action in this Court names the same defendant and alleges the same claim as the New York action.

Rather, regarding the $13,005.00 in attorneys' fees, the parties argue whether "costs" under Rule 41(d) includes attorneys' fees. The Ninth Circuit has not spoken on this issue. In a previous case involving the same issue, this Court interpreted the language narrowly and adhered to the "American Rule" of not awarding attorneys' fees. *Avazian v. Genworth Life & Annuity Ins. Co.*, No. 17-cv-06459, 2017 U.S. Dist. LEXIS 199070, at *5 (C.D. Cal. Dec. 4, 2017). Upon consideration of the parties' arguments here, the Court finds no reason to deviate from that prior decision.

Regarding the $422.33 in costs, the Court defers to the judgment of the New York court to

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:18-CV-02622-RGK-JC | Date | July 05, 2018 |
|---|---|---|---|
| Title | *PEREIRA v. 3072541 CANADA INC.* | | |

determine whether such an award is appropriate. Therefore, the Court declines to award Defendant any costs under Rule 41(d).

**V.      CONCLUSION**

In light of the foregoing, the Court **DENIES** Defendant's Motion to Stay Proceedings (DE 21).

**IT IS SO ORDERED.**

                                                                                                    _____ : _____
                                                         Initials of Preparer