Imran F. Vakil, Esq. (Bar No. 248859)
ivakil@nexiolaw.com
NEXIO, PC
245 Fischer Avenue
Suite C3
Costa Mesa, CA 92626
Phone: (949) 478-6830
Facsimile: (949) 478-1275

Joseph A Dunne, Esq. (Pro Hac Vice)
JD@liebowitzlawfirm.com
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Suite 301
Valley Stream, New York 11580
T. 516-233-1660

*Attorneys for Plaintiff, Al Pereira*

Mark D. Brutzkus - Bar No. 128102
Jeffrey A. Kobulnick - Bar No. 228299
Michael A. Bernet - Bar No. 306657
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email: mbrutzkus@bg.law
jkobulnick@bg.law
mbernet@bg.law

*Attorneys for Defendant, 3072541 CANADA INC.*

## UNITED STATES DISTRICT COURT
## CENTARL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL PEREIRA<br><br>             Plaintiff,<br><br>     v.<br><br>3072541 CANADA, INC; AND DOES 1-10 INCLUSIVE<br><br>             Canada, Inc.. | Docket No. 2:18-CV-2622-RGK-JCx<br><br>**JOINT REPORT ON EARLY MEETING OF THE PARTIES** |

Pursuant to Federal Rule of Civil Procedure 26(f), L.R. 26-1, Plaintiff Al Pereira. ("Pereira") and Defendant 307254 Canada, Inc. ("Canada, Inc."), by and through their respective counsel, hereby submit this Joint Report on Early Meeting of Parties

after having met and conferred pursuant to Fed. R. Civ. Proc., Rule 26(f) on October 27, 2016 and thereafter.

### I.   JURISDICTION

This Court has original jurisdiction over Pereira's copyright infringement claim pursuant to 17 U.S.C. § 101, *et seq.*

### II.   FACTS

This is an action for copyright infringement arising from Canada, Inc.'s sale of a single t-shirt containing a photograph of American rappers Tupac Shukar, Notorious B.I.G and Redman, which Pereira recently registered with the U.S. Copyright Office as reg. no. VA 2-065-045.  Canada, Inc. denies Pereira's allegations of infringement, and specifically contends that the t-shirt containing the photograph was a vintage t-shirt that already had the photograph at issue on it at the time that Canada, Inc. lawfully purchased it from a third party.  Canada, Inc. contends that its resale of the t-shirt is protected by the First Sale Doctrine, which bars Plaintiff's claim for infringement.

### III.   LEGAL ISSUES

Pereira asserts that Canada, Inc.'s actions constitute copyright infringement, and that as a result, Pereira is entitled to its own actual damages plus disgorgement of Canada, Inc.'s profits attributable to the alleged infringement.  It is undisputed that Pereira cannot elect to recover statutory damages or seek recovery of his attorneys' fees under 17 U.S.C. § 412 because Pereira did not register his copyright until after the alleged infringement occurred.

Canada, Inc. contends that even if Pereira succeeds on his copyright infringement claim (which Canada, Inc. does not concede), Pereira's monetary recovery would be limited to Canada, Inc.'s net profits from the sale of the one t-shirt at issue, plus a reasonable royalty fee that would have likely been negotiated between a willing buyer and a willing seller for the photograph at issue as used on one shirt.  Pereira, however, contends that he should also be entitled to recover from

Canada, Inc. any profits that it made from sales of the other products that are not at issue in this case, which Pereira contends were indirectly increased through the publicity and controversy surrounding the sale of the one t-shirt at issue in this case.

RULE 26(f)(3) ISSUES ADDRESSED AT THE RULE 26 CONFERENCE

### A.   26(f)(3)(A) – Disclosures Under Rule 26(a)

#### (i)   Initial Disclosures

The parties agree exchange Initial Disclosures on or before September 11, 2018, as set forth below in Section III below.

#### (ii)   Expert Disclosures

The parties shall exchange initial and rebuttal expert disclosures pursuant to Rule 26(a) on all issues on which they bear the burden of proof according to the schedule in Section III below.

The parties agree that at the time expert disclosures are served, each party shall produce the information required by Federal Rule of Civil Procedure 26(a)(2). The parties agree that they will not be required to produce draft expert reports or disclosures or communications between counsel and experts in accordance with Federal Rules of Civil Procedure 26(b)(4)(B) and (C), except as provided for in Federal Rule of Civil Procedure 26(b)(4)(C)(i)-(iii).

### B.   26(f)(3)(B) – Scope of Discovery

The parties expect to conduct discovery on the following subjects: (1) whether Canada, Inc. have infringed Pereira's copyrights; (2) the amount of damages, if any, that would be sufficient to compensate Pereira for any infringement that has occurred by Canada, Inc.; (3) whether Pereira is entitled to injunctive relief; and (4) whether Pereira's claims are barred or limited based on Canada, Inc.'s affirmative defenses.

The parties do not believe that discovery should be conducted in phases or be limited to or focused on particular issues.

The parties believe that discovery should be completed in accordance with the proposed case schedule in section III below.

### C. 26(f)(3)(C) – Disclosure, Discovery, and ESI Preservation

For purposes of the discovery of electronically stored information ("ESI"), the parties agree to be governed by the Federal Rules of Civil Procedure. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame for ESI.

### D. 26(f)(3)(D) – Privilege Or Protection Of Trial Preparation Material

#### (i) Treatment of Privileged and Trial-Preparation Materials

Federal Rule of Civil Procedure 26(b)(5) and a future Protective Order will govern the treatment and handling of privileged and trial-preparation materials. No party will be required to put on the privilege log documents that chronicle communications between the parties and their respective counsel if such documents were generated after the filing of the Complaint, except opinions of counsel and any documents for which there is a subject matter waiver with respect to infringement, validity, or enforceability upon which the party intends to rely at trial.

#### (ii) Protective Order

The parties agree to file a Proposed Protective Order on or before September 14, 2018 that shall govern discovery in this case.

### E. 26(f)(3)(E) - Changes In Limits on Discovery and Other Limitations

#### (i) Limitations on Discovery

The parties do not currently anticipate the need for any changes to the limits on discovery set forth in the Federal Rules of Civil Procedure, or this Court's Local Rules, absent a showing of good cause and except as set forth below:

1. The parties shall identify all corporate representatives designated to testify on behalf of the corporation pursuant to Fed. R. Civ. P. 30(b)(6) at least ten (10) business days prior to the deposition provided it was noticed at least 30 days in

advance. If there is a request for documents associated with such deposition, the producing party shall use best efforts to produce any responsive documents not already produced no later than ten (10) business days prior to the deposition.

    2.    Any party which receives documents from a third-party pursuant to a subpoena will immediately reproduce those documents to the other party, at the other party's expense. Where immediate reproduction of documents is not possible, the party which received the documents will provide immediate notice to the other party and the issue will be resolved by the parties on a case-by-case basis.

    **F.**    **26(f)(3)(F) – Other Orders The Court Should Issue**

The parties submit below a proposed partially agreed case schedule, identifying the areas for which the parties were unable to reach agreement.

The parties expect a Proposed Protective Order that shall govern discovery and the use of discoverable materials in this case.

**IV.**    **[PROPOSED] CASE SCHEDULE**

The parties, through counsel, having conferred in person and by telephone in accordance with Fed. R. Civ. P., Rule 26(f), propose the following agreed schedule for the Court's consideration:

| Event | Agreed Upon Deadlines | Plaintiff's Proposed Deadlines | Defendant's Proposed Deadline |
|---|---|---|---|
| Motions to Add Parties or to Amend Pleadings | | October 29, 2018 | September 17, 2018 |
| ADR completion | | October 29, 2018 | March 11, 2019 |
| Close of Fact Discovery | | January 25, 2019 | January 25, 2019 |
| Opening Expert Reports and Disclosure of Advice of Counsel | 30 days after close of discovery | | January 26, 2019 |
| Rebuttal Expert Reports | 30 days after service of opening expert reports | | February 25, 2019 |

| Event | Agreed Upon Deadlines | Plaintiff's Proposed Deadlines | Defendant's Proposed Deadline |
|---|---|---|---|
| Close of Expert Discovery | 45 days after service of the rebuttal expert reports | | March 11, 2019 |
| Deadline for Filing Dispositive Motions | 30 days after Close of Expert Discovery or August 21, 2017 | | March 25, 2019 |
| Final Pretrial Conference / Hearing on Motions in Limine | To be scheduled at the Court's convenience 60 days prior to Trial | | May 7, 2019 |
| Jury Trial | | | July 9, 2019 |

## V. LOCAL RULE 26-1 REQUIREMENTS

    **a.**    **Complex Cases**: The parties do not believe that the Manual for Complex Litigation should be used for this action.

    **b.**    **Motion Schedule**: The parties agree that the deadline for filing dispositive motions is as indicated in the table above in Section III unless otherwise directed by the Court.

    **c.**    **ADR**: Plaintiff requests ADR Choice No. 3: private mediation. Defendant requests ADR Choice No. 1: that the assigned magistrate judge in this case be the mediator. Such mediation shall take place no later than the ADR deadline as indicated in the table above in Section III.

    **d.**    **Trial Estimate:** The parties currently anticipate that they will be prepared to begin trial on July 9, 2019, or any date thereafter when the Court is available, and expect that the trial in this matter will take two to three (2-3) days. The parties request a trial by jury.

    **e.**    **Additional Parties:** None anticipated at this time.

    **f.**    **Expert Witnesses:** The parties agree to the expert discovery schedule as indicated in the table above in Section III.

DATED: September 4, 2018                              Respectfully Submitted,

LIEBOWITZ LAW FIRM, PLLC

By: /s/ Joseph A. Dunne
Joseph A Dunne, Esq. (Pro Hac Vice)
JD@liebowitzlawfirm.com
11 Sunrise Plaza, Suite 301
Valley Stream, New York 11580
T. 516-233-1660

Imran F. Vakil, Esq. (Bar No. 248859)
ivakil@nexiolaw.com
NEXIO, PC
245 Fischer Avenue
Suite C3
Costa Mesa, CA 92626
Phone: (949) 478-6830
Facsimile: (949) 478-1275
*Attorneys for Plaintiff, Al Pereira*


BRUTZKUS GUBNER

By: /S/ Jeffrey A. Kobulnick
Mark D. Brutzkus
Jeffrey A. Kobulnick
Michael A. Bernet
*Attorneys For Defendant,
3072541 Canada Inc.*